COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


GRAND PIANO AND FURNITURE COMPANY, INC.
 and CONTINENTAL INSURANCE COMPANY

                                    MEMORANDUM OPINION[*] BY
v.         Record No. 2372-96-2      JUDGE SAM W. COLEMAN III
                                         APRIL 29, 1997
RANDELL E. GRAY, JR.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Arthur T. Aylward (Midkiff & Hiner, P.C., on
               brief), for appellants.

               George L. Townsend (Chandler, Franklin &
               O'Bryan, on brief), for appellee.



     Grand Piano and Furniture Company and its insurer,

Continental Insurance Company (collectively employer), appeal the

commission's award of temporary total disability benefits to the

claimant, Randell Gray.  The employer contends that the

commission erred in finding that the claimant proved, by

circumstantial evidence, an injury by accident arising out of his

employment when he had no recollection of the accident and no one

witnessed the accident.  We hold that the claimant's injuries

were caused by an unexplained accident, and are, therefore,

noncompensable.  Accordingly, we reverse the commission's

decision.

                            BACKGROUND

     On appeal, we view the evidence in the light most favorable

---

     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to the claimant, the prevailing party below. Crisp v. Brown's Tyson's Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). The evidence proved that the claimant worked as a forklift or "electric orderpicker" operator. An orderpicker is described as a machine in which "the operator as well as the pan, which is . . . attached to the fork, . . . go[] up together. [The operator] stand[s] inside of a little caged-in area, and then the merchandise is on the pan." While at work on March 2, 1995, the claimant suffered a severe head injury, which included a basilar skull fracture, right frontal and cerebral contusion, fracture of the left maxillary, right frontal and ethmoid sinuses, and a right shoulder contusion. No one witnessed the accident.

At the hearing before the deputy commissioner, the claimant testified that he had no memory of the accident. The only thing he remembered was waking up in the hospital several days later. In a statement to the insurance adjuster a few days after the accident, the claimant said that he remembered "hooking [his safety belt], getting on the forklift and that was the last I remember." He told the insurance adjuster that his supervisor visited him in the hospital and told him that he "got hit when [he] fell off the forklift and got hurt."

The employer's warehouse manager testified that, on the day of the injury, he saw the claimant entering the bathroom. He went to check on the claimant and, after forcing the claimant to

open the bathroom door, observed that the claimant had a large circular wound to his head, was bleeding, and was "sort of shook up." The claimant did not tell the manager what had happened. The manager and two other employees took the claimant to the emergency room, where the manager told the hospital staff that the claimant had fallen from a forklift and hit his head. After returning to the warehouse, the manager inspected the area surrounding claimant's forklift and found blood eight to ten inches off the floor "in back of one of the rack systems where [the] forklift operators end" and on the floor near the forklift. At that time, the forklift was four to five feet above the ground.

The commission found that the circumstantial evidence supported the conclusion that claimant's accident arose out of his employment. The commission stated, "[t]here is no evidence which indicates that he was injured elsewhere. As such, we find that the claimant has sufficiently established that his injury was caused by his employment as a forklift operator." Construing the commission's finding in the light most favorable to the claimant as the prevailing party, we construe it to hold that the evidence proves that the claimant fell from the forklift.

<u>ANALYSIS</u>

"To qualify for workers' compensation benefits, an employee's injuries must result from an event `arising out of' and `in the course of' the employment." <u>Pinkerton's, Inc. v.</u>

Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991). "A finding by the Commission that an injury arose out of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal." Dublin Garment Co. v. Jones, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986).

"In proving the 'arising out of' prong of the compensability test, a claimant has the burden of showing that 'there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" PYA/Monarch and Reliance Ins. Co. v. Harris, 22 Va. App. 215, 221-22, 468 S.E.2d 688, 691 (1996) (citations omitted). Proof of the causal connection may be by direct evidence or by circumstantial evidence. See Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 437, 437 S.E.2d 727, 729 (1993) (en banc). However, a claimant who suffers an unexplained accident on the job and cannot recall how the accident occurred is not entitled to the presumption that the injury arose out of his employment. Pinkerton's, Inc., 242 Va. at 381, 410 S.E.2d at 648. "[I]n an unexplained fall case in Virginia, a claimant must prove by a preponderance of the evidence that the fall `arose out of' the employment by establishing a causal connection between his or her employment and the fall." PYA/Monarch and Reliance Ins. Co., 22 Va. App. at 224, 468 S.E.2d at 692.

In the instant case, the claimant's fall or how he was

injured is unexplained. At most, the circumstantial evidence tends to prove that the claimant fell and hit his head while at work. However, the evidence does not establish how the accident occurred, nor does it prove that the claimant's injuries resulted from a risk associated with his employment. Although the extent of claimant's injuries and the elevated location of the forklift tend to prove that he fell from the forklift, such a conclusion is based upon speculation and surmise. See id. at 224-25, 468 S.E.2d at 692-93. The claimant has no recollection of the events leading up to his injury or the accident itself. No one saw the accident occur and no one was in the vicinity when the claimant was injured. The evidence presented does not establish the nature of the claimant's fall or how he was injured and does not rule out the possibility that his injuries resulted from a noncompensable accident. Thus, the decision of the commission is reversed.

Reversed and dismissed.