COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


GARY R. CHILDRESS

v.        Record No. 2817-96-3        MEMORANDUM OPINION*
                                          PER CURIAM
GARY CHILDRESS TRUCKING                JUNE 10, 1997
AND
NATIONAL SURETY CORPORATION


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (John A. Martin; Browning, Lamie & Sharp, on
             brief), for appellant.

             (Monica L. Taylor; Melissa Amos Young;
             Gentry, Locke, Rakes & Moore, on brief), for
             appellees.


     Gary R. Childress (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that he

failed to prove he sustained an injury by accident arising out of

his employment on August 18, 1995.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the party prevailing below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  In

PYA/Monarch and Reliance Ins. Co. v. Harris, 22 Va. App. 215, 468

S.E.2d 688 (1996), we held:
             In cases in which the claimant alleges an

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

injury by accident resulting from an employment-related risk, "[a] 'critical link' must exist between the conditions of the workplace and the injury in order for the injury to qualify as 'arising out of' the employment." In proving the "arising out of" prong of the compensability test, a claimant has the burden of showing that "'there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'"

Id. at 221-22, 468 S.E.2d at 691.[1] "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989). However, unless we conclude that claimant proved, as a matter of law, that his employment caused his injury, the commission's finding is binding and conclusive on appeal. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission relied upon PYA/Monarch and Department of Transp. v. Mosebrook, 13 Va. App. 536, 413 S.E.2d 350 (1992), and found as follows:

We find no credible evidence in this case that the claimant's work or work environment caused or contributed to the condition that precipitated the truck accident, nor has he shown that it resulted from a personal idiopathic problem that was manifest as he drove the vehicle. Claimant's argument on review that the heat of the day and his work on the vehicle only shortly before the accident "demonstrates by preponderance that

_____

[1]In an unexplained accident case, the claimant must also prove a causal connection between the employment and the accident. PYA/Monarch, 22 Va. App. at 224, 468 S.E.2d at 692.

2

the claimant suffered from a heat related blackout" is mere speculation unsupported by medical evidence. This raises only a possible link, but evidence that shows a mere possibility that the accident resulted from a work related condition "does not constitute 'credible evidence' to support an award of compensation."

The record supports the commission's findings. No medical evidence established to a reasonable degree of medical certainty that an idiopathic condition or a risk or hazard of claimant's employment caused him to become dizzy or to lose consciousness, resulting in his losing control of his truck and striking a tree. Dr. Clinton Sutherland's discharge summary indicated that claimant suffered a "[n]ear syncope, unknown etiology, likely heat exhaustion." Drs. Matthew Wood, Jr. and Jim C. Brasfield did not render any opinion with respect to the cause of claimant's dizziness and resulting accident. Dr. Michael A. Passidomo noted his impression as "[s]yncope, etiology to be determined."

In the absence of any persuasive medical evidence establishing the cause of claimant's dizziness and/or accident, the commission, in its role as fact finder, was entitled to give little probative weight to claimant's speculation that the heat and working on his truck shortly before the accident caused him to become dizzy and lose control of his truck.

Based upon this record, we hold that claimant failed to prove as a matter of law that his injury arose out of his employment.

3

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>