COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


BLISS WAYNE VIA, SR.
                                    MEMORANDUM OPINION* BY
v.   Record No. 0603-02-3      JUDGE RUDOLPH BUMGARDNER, III
                                       NOVEMBER 12, 2002
GREAT COASTAL EXPRESS, INC. AND
 LIBERTY MUTUAL FIRE INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Caleb M. Echterling (Roger A. Ritchie, Sr.;
              Roger Ritchie & Partners, P.L.C., on briefs),
              for appellant.

              Thomas G. Bell, Jr. (Timberlake, Smith,
              Thomas & Moses, P.C., on brief), for
              appellees.


     Bliss Wayne Via, Sr. appeals the Workers' Compensation

Commission's determination that his injury did not arise out of

the employment. We conclude the worker's fall was an

unexplained accident and affirm.

     The commission's decision that an accident arises out of

the employment is a mixed question of law and fact reviewable on

appeal. Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550

S.E.2d 336, 338 (2001). The worker was employed as a truck

driver for Great Coastal Express, Inc. The worker was returning

from California with co-driver Adan Loya on November 12, 1999,

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

when he fell from the passenger side of the truck and suffered traumatic brain injury.  He did not suffer a stroke, and no idiopathic condition caused the fall.

The worker was unable to testify and never communicated with his doctors regarding the cause of his fall.  The only direct testimony regarding the fall came from Loya, who speaks little English and testified through an interpreter.  Loya testified that on the day of the incident, the worker was behaving strangely and moving back and forth between the passenger seat and the sleeping compartment in the rear of the cab.  The worker asked Loya to stop the truck so he could go to the bathroom.  When Loya suggested they wait until they got to a store, the worker insisted he stop.  Loya pulled the truck off to the side of the road and saw the worker's back and one of his knees on the passenger seat.  After checking his mirrors to make sure the truck was safely parked, Loya looked back at the worker.  The passenger door was open, and the worker was gone.  Loya found the worker fifteen feet away from and in front of the truck down an embankment.  Though Loya did not see the worker exit the truck, he believed the worker fell because of his extensive injuries.

The medical reports contain conflicting versions of this event.  Some state the worker had to use the bathroom, jumped from the truck before it stopped, and remained unconscious.  Other reports indicate the worker had been dizzy and sick to his

stomach and, before Loya pulled over, the worker opened the door and fell out.

The worker filed a claim for benefits on February 22, 2000. The deputy commissioner found "the only feasible scenario would be a fall while relieving himself outside the truck or a fall directly from the cab."  The former explanation was unlikely because of Loya's explanation of the time frame of the fall. The deputy commissioner concluded the worker fell while exiting the truck and awarded benefits.  Upon review, the full commission reversed, with one commissioner dissenting, because the worker experienced an unexplained fall and failed to prove a causal connection between the fall and his employment.

"In Virginia, we employ the 'actual risk' test to determine whether an injury 'arises out of' the employment."  Hill City Trucking, Inc. v. Christian, 238 Va. 735, 739, 385 S.E.2d 377, 379 (1989).  "Consequently, an accident arises out of the employment when it is apparent to a rational mind, under all attending circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury."  Lipsey v. Case, 248 Va. 59, 61, 445 S.E.2d 105, 107 (1994).  "'But [the actual risk test] excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment.'"  Bradshaw v. Aronovitch, 170 Va. 329, 335, 196

- 3 -

S.E. 684, 686 (1938) (quoting In re McNichol, 102 N.E. 697, 697 (Mass. 1913)).

PYA/Monarch & Reliance Ins. Co. v. Harris, 22 Va. App. 215, 468 S.E.2d 688 (1996), held "a claimant must prove by a preponderance of the evidence that the fall 'arose out of' the employment by establishing a causal connection between his or her employment and the fall." Id. at 224, 468 S.E.2d at 692. In PYA, Harris, employed as a truck driver, was making his final delivery in freezing rain and ice. He "stood up, opened the truck door, and reached for the 'grab bar' on the outside of the truck's cab," which was covered with ice. Id. at 219, 468 S.E.2d at 690. He blacked out, gained consciousness on the ground, and was unable to recall any details of the fall. "The commission was 'persuaded that the fall was precipitated by the design or icy condition of the cab or both.'" Id. at 220, 468 S.E.2d at 690.

We reversed the award of benefits to Harris because no credible evidence supported the finding that the condition of the cab caused the fall. Harris did not testify that he slipped, tripped, or lost his grip, and no medical evidence established that an idiopathic condition caused the fall. Thus, Harris "failed to prove the requisite causal connection between his employment and his fall." Id. at 225, 468 S.E.2d at 692.

PYA controls this case. The worker must prove the causal connection between the fall and his employment, but he failed to

do so.  He did not recall the fall, and Loya did not observe it.
No evidence showed any design defect in the truck, or weather or
road conditions that contributed to the fall.  Affirmative
evidence either direct or circumstantial, not mere speculation,
must explain the cause of the fall.  See id. at 224-25, 468
S.E.2d at 692.

The worker suffered an unexplained fall and failed to prove
the critical link between the fall and his employment.
Accordingly, we affirm the commission's decision to deny
benefits.

Affirmed.