COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Clements and McClanahan
Argued at Richmond, Virginia


DEBORAH L. MILES

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2254-03-3          JUDGE ROSEMARIE ANNUNZIATA
                                                         APRIL 27, 2004
CITY OF LYNCHBURG HUMAN SERVICES


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Philip B. Baker (Sanzone & Baker, on brief), for appellant.

          Richard D. Lucas (Lucas Law Firm, on brief), for appellee.


          Deborah L. Miles appeals from a decision of the Workers' Compensation Commission

denying her claim for benefits arising from injuries sustained when she fell in the parking lot

outside her employer's business.  For the following reasons, we affirm the decision of the

commission.

                                        I.  Background

          On appeal, "we view the evidence in the light most favorable to the prevailing party

before the commission."  Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539

(2003).  So viewed, the evidence established that Deborah L. Miles was employed by the City of

Lynchburg Human Services (employer).  On May 3, 2001, Miles arrived for work and parked her

car in the parking lot.  She exited her car and walked towards the employee entrance.  Before

reaching the entrance, Miles lost her balance and fell to the pavement, injuring her leg and

fracturing her wrist.

_____

          [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Miles filed a claim with the workers' compensation commission seeking temporary total disability and medical benefits. At a hearing before the deputy commissioner, Miles testified that she stepped on "asphalt, rock, or whatever," which twisted her foot and caused her to fall. However, she also testified that she was not "a hundred percent sure because I didn't think to pick anything up or look for anything. It happened so fast and I went straight to the hospital . . . so I never saw it or picked it up or looked for it."

Miles introduced several photographs of the pavement near the area of her fall. The photographs showed that the pavement contained numerous small cracks. Miles repeatedly denied that a crack in the pavement caused her to fall. The deputy commissioner reviewed the photographs and, in his decision, stated: "Indeed, even the photographs submitted by Ms. Miles reveal no rocks or loose 'chunks' of concrete. While the parking lot does show obvious signs of deterioration, I still find no evidence of any debris meeting the description offered by claimant."

Blake Eisley, a risk manager for the City of Lynchburg, testified that he viewed the area where Miles fell and noticed nothing unusual. "There may have been . . . a couple of small . . . pieces of gravel," Eisley stated, describing them as smaller in size than a marble and similar to that which one would find in any parking lot—the sort of gravel "found everywhere."

Based on Eisley's testimony as to the absence of significant obstructions or objects and in light of the photographic evidence showing the pavement where Miles fell, the deputy commissioner concluded that Miles's "injury was caused by her unexplained fall." The deputy commissioner also noted that there was no evidence that the parking lot was swept or cleaned between the time when Miles fell and Eisley examined the scene. In short, the deputy commissioner concluded that Miles's injury did not arise out of her employment.

On appeal, the full commission, by divided vote, affirmed the decision of the deputy commissioner. Referencing the evidence before it, the commission noted that "[t]he photographs

depicting the scene where she fell do not reveal any chunks of rock or asphalt in the vicinity." It further stated that "Mr. Eisley's survey of the area after the accident failed to reveal any chunks of asphalt or rocks in the vicinity. He found one or two small marble-sized pieces of gravel . . . , but nothing similar to that described by the claimant." The commission thus stated that it could not "find that the condition of the parking lot caused her [sic] or contributed to her fall." Accordingly, it determined that Miles's accident "did not arise out of her employment" and denied her claim. This appeal followed.

## II. Analysis

Miles argues that the commission erred in determining that her injury did not arise out of her employment. We disagree.

To qualify for benefits under the Workers' Compensation Act, "the evidence must show that the employee suffered an injury by accident which arose out of and in the course of the employment." Richmond Memorial Hosp. v. Crane, 222 Va. 283, 285, 278 S.E.2d 877, 878 (1981). The burden is on the claimant to prove, by a preponderance of the evidence, all the elements of a workers' compensation claim. Central State Hosp. v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985). On appeal, we view the evidence in a light most favorable to the employer as the party prevailing below. Reed, 40 Va. App. at 72, 577 S.E.2d at 539.

Whether an injury arose out of employment is a mixed question of law and fact which we review *de novo* on appeal. Blaustein v. Mitre Corp., 34 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001). However, we afford great deference to the commission's determination of the cause of the injury. "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "The fact that contrary evidence may be in the

record is of no consequence if there is credible evidence to support the commission's findings." Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986).

Here, the commission determined as a fact that Miles failed to prove the cause of her injury. Although it is this Court's duty to decide whether the facts establish that an accident arose out of employment, see Blaustein, 34 Va. App. at 388, 550 S.E.2d at 338, it is the commission's responsibility, as the trier of fact, to determine the facts from the evidence. See Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 167, 543 S.E.2d 619, 621 (2001).

The commission determined that the fall had no discernible cause and remained unexplained. The commission reached this conclusion after weighing all the evidence, including the testimony of Miles and Eisley, as well as the photographic evidence depicting the scene of the accident. Although Miles testified that she stepped on a rock or asphalt, the photographs revealed no such conditions or defects in, or on, the pavement. Eisley further testified that he saw nothing unusual; he saw only "a couple" of pieces of gravel, which were smaller than the size of a marble. The commission determined that these pieces of gravel were "nothing similar to that described by claimant." Because this factual finding is supported by credible evidence, we will not disturb it on appeal. See Musick, 7 Va. App. at 688, 376 S.E.2d at 817.

It is well settled in Virginia that a claim for workers' compensation cannot rest on an unexplained fall. PYA/Monarch & Reliance Ins. Co. v. Harris, 22 Va. App. 215, 223, 468 S.E.2d 688, 691 (1996). "'[I]n a pure unexplained-fall case, there is no way in which an award can be justified as a matter of causation theory except by a recognition that [positional risk] but-for reasoning satisfies the 'arising' requirement.'" Id. at 224, 468 S.E.2d at 692 (quoting 1 Arthur Larson, The Law of Workmen's Compensation § 7.00, at 3-12 (1990)) (alteration in original). Because Virginia has rejected the "positional risk test" in favor of the "actual risk

test," the claimant must establish "a causal connection between his or her employment and the fall." Id.

Here, Miles failed to establish the requisite causal connection. Accordingly, we affirm the decision of the commission denying her claim for benefits.[1]

Affirmed.

---

[1] Miles also requested that we remand her case to the commission so that it could determine whether her accident occurred "in the course" of her employment. We need not remand for determination of this issue because we affirm the commission's decision that Miles did not prove her accident "arose out of" her employment. Miles's claim must, therefore, fail.