COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia

DENISE SUTTON

v.      Record No. 1249-07-2                    MEMORANDUM OPINION[*] BY
                                                JUDGE D. ARTHUR KELSEY
SPEEDY'S PETROLEUM, INC. AND                    JANUARY 29, 2008
   UNINSURED EMPLOYER'S FUND


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Jamie L. Karek (Geoffrey R. McDonald & Associates,
               P.C., on brief), for appellant.

               Robert A. Rapaport (Kira A. Ligato; Clarke, Dolph,
               Rapaport, Hardy & Hull, P.L.C., on brief), for appellee
               Uninsured Employer's Fund.

               No brief or argument for appellee Speedy's Petroleum,
               Inc.


        Denise Sutton appeals a decision of the Workers' Compensation Commission denying

her claim for compensation for an injury she sustained at work.  Given the weakness of her

evidentiary showing that a specific condition of employment caused her accident, we affirm the

commission.

                                        I.

        On appeal, we view the "evidence and all reasonable inferences that may be drawn from

that evidence" in the light most favorable to the party prevailing before the commission.  Artis v.

Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (*en banc*).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence showed that Sutton worked as a cashier for Speedy's Petroleum, Inc., a gas station and mart. Sutton testified that midmorning one day in October 2005 she went outside to change the marquee gas price on the platform sign by the road. To get to the signage, she had to climb a metal ladder to an overhead platform. Though Sutton never testified about the height of the platform, she offered into the record a picture which she estimates shows the platform to be "perhaps ten or twelve feet" off the ground. See Appellant's Br. at 7.

The ladder led to a hatch in the walking surface of the platform. Once on the platform, Sutton picked up a sign number from a box on the platform. At that moment she fell into the metal bars of the hatch as the sign flew out of her hand. While trying to untangle her legs she fell the rest of the way through the hatch and to the ground. Sutton testified it was misty that day, but she did not allege she slipped. Nor did she offer any testimony about wind conditions or allege a gust of wind against either her or the sign caused her to lose balance. No evidence was presented about the weight of the sign number or any awkward movements necessary to pick it up. When questioned directly about the subject, Sutton said she did not know "how" or "why" she fell.

A deputy commissioner found that Sutton, the party with the burden of proof, failed to prove by a preponderance of the evidence that a condition of employment caused her to fall. On review, a majority of the commission agreed and held the "mere fact that claimant fell from the ladder or platform does not establish the fall was caused by an employment risk." Sutton v. Speedy's Petroleum, Inc., VWC File No. 226-30-20, 2007 Va. Wrk. Comp. LEXIS 678, at *7 (Apr. 27, 2007).[1]

---

[1] A dissenting commissioner suggested the better way to look at the case was to characterize the event as involving two accidents. Under this approach, the "initial accident" was the fall on the platform. Id. at *8-9. The "second accident" was the fall from the platform to the ground. Id. While the first was "unexplained," the dissenting commissioner reasoned, the

II.

On appeal, Sutton claims the commission erred because she presented "ample evidence to conclude that Ms. Sutton slipped on the misty surface, or simply fell through the large hole in the platform, while carrying large, unwieldy numbers for the sign." Appellant's Br. at 8. The "evidence preponderates," Sutton argues, that her fall was caused by a "specific risk" of her employment. Id. at 9.

To be compensable, an injury must be "by accident arising out of and in the course of the employment . . . ." Code § 65.2-101 (emphasis added). The arising-out-of phrase "refers to the origin or cause of the injury." Lucas v. Fed. Express Corp., 41 Va. App. 130, 134, 583 S.E.2d 56, 58 (2003). "An injury arises out of one's employment if there is a causal connection between the injury and the 'conditions under which the work is required to be performed.'" Dan River, Inc. v. Giggetts, 34 Va. App. 297, 304, 541 S.E.2d 294, 297 (2001) (quoting Metcalf v. A.M. Express Moving Sys., Inc., 230 Va. 464, 468, 339 S.E.2d 177, 180 (1986)). The condition "must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship." Id. (quoting County of Chesterfield v. Johnson, 237 Va. 180, 183-84, 376 S.E.2d 73, 75 (1989)).

No presumption of causation arises from an "unexplained accident" involving non-fatal injuries. Hill v. S. Tank Transp., Inc., 44 Va. App. 725, 732, 607 S.E.2d 730, 733 (2005); see also PYA/Monarch and Reliance Ins. v. Harris, 22 Va. App. 215, 225, 468 S.E.2d 688, 693 (1996) (holding "increased risk" test inapplicable to an "unexplained fall"). Instead, a claimant must prove by a "preponderance of the evidence that an injury arose out of the employment."

second was "explained, in that she was attempting to extricate herself from the bars." Id. We respectfully decline to analyze the case from this perspective because, on appeal, Sutton conceded that she never raised this theory of liability before the deputy commissioner or the full commission. See Digital Recording of Oral Argument at 13:50. The theory was raised for the first time in the dissenting commissioner's opinion. Id. at 14:33. For these reasons, we do not address this theory of liability on appeal. See Rule 5A:18.

K&G Abatement Co. v. Keil, 38 Va. App. 744, 755, 568 S.E.2d 416, 421-22 (2002); see also

Basement Waterproofing & Drainage v. Beland, 43 Va. App. 352, 357, 597 S.E.2d 286, 288

(2004) (applying "preponderance of the evidence" standard to causation).

In this case, Sutton had the burden of proving that a condition of employment — that is,

something about the platform, some unusual movement necessitated by the task, or some other

characteristic of the work site — more likely than not caused her accident. Sitting as factfinder,

the commission found she did not carry her burden of proof on this issue. Sutton presented

evidence of "misty" conditions, but offered no suggestion that those conditions caused her to

slip. As for the "unwieldy" sign, Sutton's testimony never suggested the sign (either because of

its size, weight, or shape) made her lose balance and fall. Nor was any evidence offered on wind

conditions which, in theory, could have suggested she was blown down as she lifted the sign up.

In short, Sutton's unqualified admission that she did not know "how" or "why" she fell

from the platform, coupled with her slender factual description of the conditions at the time of

the fall, left the commission unpersuaded on a point on which Sutton had the burden of proof. In

such cases, the commission's holding merely "recognizes that the claimant has the burden to

establish a causal relationship" between an accident and the injury. Mem'l Hosp. of Martinsville

v. Hairston, 2 Va. App. 677, 682, 347 S.E.2d 527, 529 (1986). And when the claimant, "who is

in a position of being able to explain the occurrence, fails to present evidence which establishes

that the injury arose out of the employment the claim for compensation must be denied." Id.[2]

---

[2] Sutton also asks us to overrule prior panel decisions, like PYA/Monarch and Reliance
Ins. v. Harris, 22 Va. App. 215, 468 S.E.2d 688 (1996), which distinguish between so-called
"idiopathic" and truly "unexplained" falls. Under the interpanel accord doctrine, however, the
"decision of one panel 'becomes a predicate for application of the doctrine of *stare decisis*' and
cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme
Court." Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003) (citation
omitted); see also Congdon v. Congdon, 40 Va. App. 255, 265, 578 S.E.2d 833, 838 (2003).

We defer to the commission's assessment of the "probative weight" (or, in this case, the lack of it) of the proffered evidence — recognizing that the commission "is free to adopt that view 'which is most consistent with reason and justice.'" Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Const. Servs. v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978)). To be sure, we treat the commission's factfinding as "conclusive and binding," Berglund Chevrolet v. Landrum, 43 Va. App. 742, 749-50, 601 S.E.2d 693, 697 (2004) (quoting Code § 65.2-706(A)), so long as a "reasonable mind *could* conclude" as the commission did based upon the evidence before it, Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 492, 497 (2005) (*en banc*) (emphasis in original & citation omitted).

## III.

Because Sutton's evidence of employment-related causation did not rise to the level that a reasonable factfinder would have no choice but to accept it, we affirm the commission's decision in this case.

Affirmed.