COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge Kelsey and Senior Judge Bumgardner
Argued at Richmond, Virginia

UNPUBLISHED

UNIVERSITY OF VIRGINIA/
  COMMONWEALTH OF VIRGINIA
                                                    MEMORANDUM OPINION* BY
v.      Record No. 0566-13-2                        JUDGE RUDOLPH BUMGARDNER, III
                                                    NOVEMBER 19, 2013
MITCHELL HARRISON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Wesley G. Russell, Jr., Deputy Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General; Peter R. Messitt, Senior Assistant
            Attorney General; Adam L. Katz, Assistant Attorney General, on
            brief), for appellant.

            No brief or argument for appellee.


        The University of Virginia appeals an award of benefits for a fall occurring in the

workplace.  The employer contends the accident did not arise out of a risk of employment and

was unexplained.  We conclude the accident did not arise out of a risk of employment and

reverse.

        Harrison worked as a lab technician in an animal research laboratory.  His duties included

changing the air filters, which were located in the eight-foot high ceiling of the laboratory.  He

used a three-step ladder that had wheels which locked in place when bearing weight but had no

handrails.  On the day of injury, Harrison fell to the ground after he finished changing a filter and

was stepping down the ladder.  He suffered an ACL tear in his right knee.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Harrison did not know what caused him to fall. He stated it happened quickly, and he speculated that he may have "turned" or "twisted wrong" because it was a tight space. Harrison testified the ladder was working properly. His former supervisor testified the ladder was not dangerous, but she conceded that climbing anything has "inherent dangers to it." She stated that handrails were not required for step stools.

The deputy commissioner determined that Harrison did not claim the conditions were dangerous although the supervisor felt that standing on a step stool without handrails had inherent dangers. The deputy commissioner noted Harrison "wondered" if he might have turned or twisted the wrong way in the tight space but did not prove a causative reason for the fall. The deputy commissioner concluded the fall was unexplained and did not arise out of Harrison's employment.

The commission reversed finding the injury "was connected to the conditions under which the work was required to be performed."[1] The commission relied on the fact that there were no handrails and that Harrison "did not have any way to prevent himself from striking the floor. The lack of safety rails on this ladder was a unique condition of his employment and increased the risk of injury." The commission concluded that Harrison proved the "existence of a causal relationship between the injury and a hazard in the workplace which was uniquely dangerous and not something that would routinely be encountered by anyone."

PYA/Monarch and Reliance Ins. Co. v. Harris, 22 Va. App. 215, 468 S.E.2d 688 (1996), held:

> "To qualify for workers' compensation benefits, an
> employee's injuries must result from an event 'arising out of' and
> 'in the course of' the employment." Pinkerton's, Inc. v. Helmes,
> 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991). "The concepts

_____

[1] The dissent maintained Harrison did not know what caused the fall and did not claim the lack of safety rails was a causative factor.

> 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded." Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993) (en banc).  The claimant must prove these elements by a preponderance of the evidence.
>
>     \* &ast; &ast; &ast; &ast; &ast; &ast;
>
> "All risks causing injury to a claimant can be brought within three categories:  risks distinctly associated with the employment, risks personal to the claimant, and 'neutral' risks - i.e., risks having no particular employment or personal character." Arthur Larson, The Law of Workmen's Compensation § 7.00, at 3-12 (1990).  The category of risk in a particular case determines the analysis used in examining whether a claimant's injury "arose out of" his or her employment.

Id. at 221, 468 S.E.2d at 691.

In this case, the commission held that Harrison's accident fell within the first category: employment-related risks.

> In cases in which the claimant alleges an injury by accident resulting from an employment-related risk, "[a] 'critical link' must exist between the conditions of the workplace and the injury in order for the injury to qualify as 'arising out of' the employment." Pinkerton's, 242 Va. at 380, 410 S.E.2d at 647.

Id. at 221-22, 468 S.E.2d at 691.  That "critical link" must establish "'a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" Id. at 222, 468 S.E.2d at 691 (quoting Marketing Profiles, 17 Va. App. at 434, 437 S.E.2d at 729).  This burden "'excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment.'" Grove v. Allied Signal, Inc., 15 Va. App. 17, 19-20, 421 S.E.2d 32, 34 (1992) (quoting R & T Investments, Ltd. v. Johns, 228 Va. 249, 252-53, 321 S.E.2d 287, 289 (1984)).

The evidence does not establish the "critical link" that use of the stepladder in performing the work would cause the resulting injury. The work was not deemed dangerous by the supervisor or Harrison. Harrison could not relate how the accident happened, rendering the accident an unexplained fall.

Where the claimant cannot explain how the accident happened, the injury is deemed to be of the neutral risk category; neither attributable to a risk of employment nor some idiopathic condition unique to the claimant. When the unexplained accident does not result in death, there is no presumption that the injury was employment related. Pinkerton's, 242 Va. at 380, 410 S.E.2d at 647. The claimant must establish "a causal connection between his or her employment and the fall." PYA/Monarch, 22 Va. App. at 224, 468 S.E.2d at 692 (footnote omitted).

Harrison failed to prove a causal connection between his work and his fall. Both he and the supervisor testified the task was not dangerous except for the inherent danger of leaving the flat surface of the floor. Harrison could never state why he fell. He did not claim the fall was due to a lack of handrails or other defect in the ladder. The commission's assertion that Harrison could not prevent the fall due to the lack of handrails and the tight space was not a reasonable inference from the evidence. Harrison himself never made such claim. At most, Harrison recounted he may have turned or twisted "wrong" in a tight space. However, "[s]imple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment." Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000).

The facts in Geith, Inc. v. Wilborne, No. 1822-01-2, 2002 Va. App. LEXIS 173 (Va. Ct. App. Mar. 19, 2002), are remarkably similar, and the holding is persuasive. Wilborne used a "rolling staircase," described as a three-step ladder with wheels that lock when bearing weight. Wilborne could not explain his fall. He speculated the staircase may have moved,

though he had also stated at one point that his "knee gave out." The commission found that the injury was an employment-related risk based on the speculation that the staircase moved and/or the small steps, lack of handrails, and poor lighting in the area contributed to the fall. The Court found there was no credible evidence to support this conclusion. "The mere fact that the wheels were not collapsing properly, or that the steps were small, there was no handrail, and the lighting conditions were poor, does not establish the basis for Wilborne's fall." Id. at *6-*7. Relying on Wilborne's speculation that the staircase moved, "cannot serve as factual basis for the commission's finding." Id. at *8 (citation omitted). The Court concluded Wilborne failed to prove a causal connection between the accident and his employment and reversed.

As in Geith, Inc., Harrison could only speculate what caused his fall. The inferences drawn were not supported by facts in evidence. Harrison did not claim, nor did the evidence show, that the fall could have been prevented had the stepladder had handrails or had the filter not been in a tight space. He could only guess that he turned or twisted awkwardly as he descended the stepladder. Harrison failed to articulate a causal link between his accident and the job he was performing. While the evidence established the accident occurred in the course of employment, Harrison did not prove the unexplained fall arose out of a condition of employment. Accordingly, the decision of the commission is reversed.

Reversed and dismissed.