UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Kelsey and Petty
Argued at Richmond, Virginia


CORRECTIONAL ADMINISTRATION/
 COMMONWEALTH OF VIRGINIA

                                                                MEMORANDUM OPINION*
v.        Record No. 1439-13-2                                       PER CURIAM
                                                                   MAY 13, 2014
CHARLES G. GRUBBS


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Adam L. Katz, Assistant Attorney General (Kenneth T. Cuccinelli,
              II, Attorney General; Wesley G. Russell, Jr., Deputy Attorney
              General; Peter R. Messitt, Senior Assistant Attorney General, on
              brief), for appellant.

              No brief or argument for appellee.


        The Correctional Administration ("employer") appeals an order of the workers'

compensation full commission affirming the deputy commissioner's award of medical benefits

and temporary total disability benefits from January 24, 2011 to February 6, 2011 payable to

Charles G. Grubbs.  On appeal, employer argues that the commission erred as a matter of law in

finding that Grubbs's accident arose out of his employment because he failed to prove the cause

of his fall.  For the reasons set forth below, we reverse the full commission.

                                              I.

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.  On appeal, "[w]e view the evidence in the light most favorable to the prevailing

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

party below, and '[t]he fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding.'" Virginia Polytechnic Institute v. Posada, 47 Va. App. 150, 158, 622 S.E.2d 762, 766 (2005) (second alteration in original) (quoting Creedle Sales Co. v. Edmonds, 24 Va. App. 24, 26, 480 S.E.2d 123, 124 (1997)).

On January 20, 2011, Grubbs filed a claim for benefits with the Workers' Compensation Commission requesting temporary total disability benefits. Grubbs alleged that he injured his right arm and right shoulder on September 8, 2010 when he turned his ankle on a stepladder and fell.

At the hearing before the deputy commissioner, Grubbs testified that he fell as he was descending the stepladder. He said that he thought he was on the second step when he fell, but could not say for certain what specifically caused him to fall. When the deputy commissioner asked him why he slipped, Grubbs testified, "I have no idea, and the first thing I know, I hit the floor." Grubbs had nothing in his hands when he fell, and the rollers on the stepladder were locked when he used it.

Following the hearing, the deputy commissioner held that the injury was not compensable, noting that it did not arise from a condition of Grubbs's employment and was unexplained. On review, the full commission reversed the deputy commissioner's ruling, holding that the injury did arise out of Grubbs's employment, it was not unexplained, and remanded the claim back to the deputy commissioner for entry of an award. On January 8, 2013, the deputy commissioner entered an award in favor of Grubbs for medical benefits and temporary total disability of $346.64 per week for the time period from January 24, 2011, through February 6, 2011. On July 8, 2013, the full commission affirmed the deputy commissioner's award. Employer appeals that decision here.

- 2 -

II.

Our standard of review in this case is well settled. The commission's decision that an accident arises out of the employment is a mixed question of law and fact and is therefore reviewable on appeal. Blaustein v. Mitre, 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001). "We review questions of law *de novo*," Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999), while, by statute, the commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence, K & K Repairs & Constr. v. Endicott, 47 Va. App. 1, 6, 622 S.E.2d 227, 230 (2005).

"[W]e are bound by these findings of fact as long as 'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved.'" Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 494, 497 (2005) (quoting Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988)). On appeal, we defer to the commission's assessment of the "probative weight" of the proffered evidence, and we recognize that the commission "is free to adopt that view 'which is most consistent with reason and justice.'" Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Const. Servs. v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978)).

We are mindful that "[t]he claimant [has] the burden of establishing, by a preponderance of the evidence, and not merely by conjecture or speculation, that [he] suffered an injury by accident which arose out of and in the course of the employment." Central State Hospital v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985). However, "[t]o be compensable, an injury must grow out of the risks particular to the nature of the work. 'Risks to which all persons similarly situated are equally exposed and not traceable to some special degree to the particular employment are excluded.'" Hercules, Inc. v. Stump, 2 Va. App. 77, 79, 341 S.E.2d 394, 395 (1986) (quoting Dreyfus & Co. v. Meade, 142 Va. 567, 570, 129 S.E. 336, 337 (1925)).

Here, employer argues that Grubbs's injuries resulting from his fall are not compensable because his fall was unexplained. Employer cites PYA/Monarch and Reliance Ins. Co. v. Harris, 22 Va. App. 215, 468 S.E.2d 688 (1996), to support the proposition that an unexplained fall is generally not compensable "because the critical link between the employment and the accident cannot be made." We explained in PYA/Monarch that "a claimant must prove by a preponderance of the evidence that the fall 'arose out of' the employment by establishing a causal connection between his or her employment and the fall." Id. at 224, 468 S.E.2d at 692. Where the claimant cannot explain how the accident happened, the injury is deemed to be of the neutral risk category; neither attributable to a risk of employment nor some idiopathic condition unique to the claimant. Id. When the unexplained accident does not result in death, there is no presumption that the injury was employment related. Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991).

In PYA/Monarch, the claimant, a truck driver, was injured after he fell stepping out of the cab of his work truck. 22 Va. App. at 219, 468 S.E.2d at 690. He testified that the last thing he remembered was reaching for the grab bar before waking up lying on his side on the pavement beside the truck. Id. This Court reversed the commission's award of benefits because "the claimant's fall was an unexplained accident." Id. at 224, 468 S.E.2d at 692. We held that no credible evidence supported the commission's finding that the icy conditions and design of the truck cab caused his fall. Id. We noted that the claimant failed to prove the requisite causal connection between his employment and his accident. Id. at 225, 468 S.E.2d at 693.

Similarly, here, Grubbs has failed to prove a causal connection between his work and his fall. He testified that he had nothing in his hands when he descended the stepladder and that the rollers on the stepladder were in the locked position. Furthermore, Grubbs's supervisor testified that there were no defects in the stepladder. Thus, although the injury occurred in the course of

- 4 -

his employment, Grubbs has failed to establish that it also arose out of his employment.  He has failed to meet the standard set forth in PYA/Monarch—his fall was unexplained and is therefore not compensable.

III.

For the foregoing reasons, we reverse the full commission.

Reversed and dismissed.

Petty, J., dissenting.

In this case, Grubbs established that his injuries were a result of his fall from a three-foot-high stepladder. He further established that his use of the stepladder was required by his employment. Thus, I would conclude that Grubbs's fall from height was an actual risk of his employment and was therefore compensable.

"[I]n an unexplained fall case in Virginia, a claimant must prove by a preponderance of the evidence that the fall 'arose out of' the employment by establishing a causal connection between his or her employment and the fall." PYA/Monarch and Reliance Ins. Co. v. Harris, 22 Va. App. 215, 224, 468 S.E.2d 688, 692 (1996). In City of Waynesboro v. Griffin, 51 Va. App. 308, 657 S.E.2d 782 (1996), we explained that the proper means of evaluating whether a fall arose out of the employment is by applying the actual risk test. We stated,

> The mere fact that an employee was injured at work is not enough to show that his injury arose out of his employment. Instead, the employee must show that his injury resulted from an "actual risk" of the employment. This requirement can only be met "if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed."

Id. at 313-14, 657 S.E.2d at 784 (citations omitted) (quoting R.T. Investments v. Johns, 228 Va. 249, 252-53, 321 S.E.2d 287, 289 (1984)).

However, we have never required a claimant to establish the exact trigger that initiated the fall. Rather, we have held that

> [i]n an unexplained fall case, such as this, "[a]n accident arises out of the employment when there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." To determine whether such a causal connection exists, Virginia applies the "actual risk test." Under this test, we require "*only* that the employment expose the workman to the particular danger from which he was injured, notwithstanding the exposure of the public to like risks." Accordingly, "the mere fact that the hazard is one to which the general public is likewise exposed . . . is not conclusive against the

- 6 -

existence of [a] causal relationship" between the injury and the conditions under which the work was required to be performed.

Liberty Mut. Ins. Corp. v. Herndon, 59 Va. App. 544, 556, 721 S.E.2d 32, 38 (2012) (alterations and emphasis added in Herndon) (citations omitted).

Relying on PYA/Monarch, the Commonwealth argues that because Grubbs was unable to say exactly what caused him to fall, his "unexplained fall" was not compensable. I reject that argument. As we noted in Herndon,

> [t]he problem with [the Commonwealth's] argument is that it misconstrues the focus of our inquiry. The key focus is not the relationship between the injury and its cause but rather the relationship between the injury and the employment. In PYA/Monarch, the claimant found himself lying on the ground outside of his truck with a head injury in icy conditions. The claimant could not remember how he got to that location; instead, the last thing he could remember was beginning the process of exiting the truck cab. There were no other witnesses to establish what had happened to the claimant. Nevertheless, the claimant alleged that a design defect in the truck or the icy conditions caused him to fall seven feet from the truck cab to the ground. However, no credible evidence established that the claimant had actually fallen out of or from the truck cab; at best the evidence only established that he had "fallen" in the sense that he found himself inexplicably lying on the ground. The evidence was insufficient for the fact finder to infer that the claimant's *injury* "arose out of the employment," because it was mere speculation that the claimant fell while exiting the cab of his truck due to a design defect in the truck or the weather conditions.

Id. at 560, 721 S.E.2d at 40 (citations omitted).[1]

---

[1] I would note further that this Court has never extended PYA/Monarch beyond the facts of that case, and we have refused to apply its "unexplained fall" analysis in any published opinion. See Herndon, 59 Va. App. 544, 721 S.E.2d 32; Turf Care, Inc. v. Henson, 51 Va. App. 318, 657 S.E.2d 787 (2008); City of Waynesboro v. Griffin, 51 Va. App. 308, 657 S.E.2d 782 (2008); Basement Waterproofing & Drainage v. Beland, 43 Va. App. 352, 597 S.E.2d 289 (2004) (all distinguishing PYA/Monarch). Cf. Univ. of Virginia v. Harrison, No. 0566-13-2 (Va. Ct. App. Nov. 19, 2013); Byrd v. Oasis Servs., Inc., No. 2346-031 (Va. Ct. App. Apr. 20, 2004); Via v. Great Coastal Express, Inc., No. 0603-02-3 (Va. Ct. App. Nov. 12, 2002); Geith, Inc. v. Wilborne, No. 1822-01-2 (Va. Ct. App. Mar. 19, 2002); Sutton v. Speedy's Petroleum, Inc., No. 1249-07-2 (Va. Ct. App. Jan. 29, 2002).

The facts of this case are distinguishable from those of <u>PYA/Monarch</u>. Grubbs testified that he was descending from the stepladder when he either slipped or turned his ankle and fell. Grubbs was in a uniquely dangerous situation. He was at height, missed the step, twisted his ankle, and fell to the floor. Thus, Grubbs has established the facts that we found lacking in <u>PYA/Monarch</u>—that the requirements of his employment placed him in an elevated position *and* that his injuries were caused by a fall from that elevated position. In short, "unlike the claimant in <u>PYA/Monarch,</u> it is clear that claimant actually fell." <u>Herndon</u>, 59 Va. App. at 561-62, 721 S.E.2d at 41.

Because I believe that the actual risk test is the appropriate test to apply in unexplained fall cases, and because I believe that Grubbs has met his burden of establishing that his injury arose from a risk inherent in his employment, I would affirm the award of the commission.