COURT OF APPEALS OF VIRGINIA

Present:    Judges McClanahan, Petty and Beales
Argued at Salem, Virginia


CITY OF WAYNESBORO AND
  VIRGINIA MUNICIPAL GROUP
  SELF-INSURANCE ASSOCIATION

                                                                        OPINION BY
v.        Record No. 1347-07-3                            JUDGE WILLIAM G. PETTY
                                                                        MARCH 4, 2008
DEWAYNE W. GRIFFIN


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Ralph L. Whitt, Jr. (Whitt & Del Bueno, P.C., on briefs), for
          appellants.

          Caleb M. Echterling (Ritchie Law Firm, P.L.C., on brief), for
          appellee.


        The City of Waynesboro and the Virginia Municipal Group Self-Insurance Association

(collectively referred to as employer) challenge an award of workers' compensation benefits.

Employer argues that the commission erred by holding that Dewayne W. Griffin suffered an injury

by accident although the claimant cannot remember how he was injured.  We disagree with

employer and affirm the commission.

I.  BACKGROUND

        We construe the evidence on appeal in the light most favorable to the claimant as the

party prevailing below.  Whitlock v. Whitlock Mechanical/Check Services, Inc., 25 Va. App.

470, 479, 489 S.E.2d 687, 692 (1997).  Griffin worked for the employer as a landfill technician

and equipment operator at the time of the accident.  He testified that he was about 5'8" or 5'9"

tall and weighed about 250 to 260 pounds.  On the day of the accident, Griffin drove a front-end

loader up ramps onto a flatbed trailer.  The flatbed trailer is three and one-half feet above the

ground, while the front-end loader cab was an additional three feet above the ground. After he parked the loader on top of the trailer, he began to climb out of the relatively small cab of the loader.[1] Griffin testified that he placed his left foot onto the step outside the loader, with his back facing outward. He brought his right foot down to the step, but does not remember setting his right foot onto the step. Instead, he rocked his body forward to make sure that he had applied the brake in the loader. At some point after that, Griffin fell and suffered a concussion, loss of consciousness, neck and back pain, and injuries to his right rib, shoulder, and palm. Griffin testified that he did not recall actually placing a foot on the flatbed trailer and does not know when he fell or why.[2] There were no witnesses to the event.

The deputy commissioner, relying on Basement Waterproofing v. Beland, 43 Va. App. 352, 597 S.E.2d 286 (2004), found that given the surrounding circumstances of the accident, he could infer that Griffin's fall and resulting injury arose from a risk of his employment: "While exiting the cab, which had a worn and rusty step, the claimant apparently lost his grip or his balance and fell to the ground. Under these specific circumstances . . . the claimant's work environment and work-related activities caused his injuries." The full commission affirmed the deputy commissioner's award of benefits for the same reasons, and this appeal followed.

---

[1] Griffin submitted photographs of the trailer and front-end loader as well as the step on which he descended from the front-end loader's cab. The pictures also demonstrated Griffin's size compared to the door of the front-end loader.

[2] Employer argues on appeal that Griffin's statements to investigators, his employers, and at court were inconsistent and therefore incredible. Both the deputy commissioner and the full commission found Griffin to be credible. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987) (Credibility determinations are within the commission's exclusive purview.).

II.  ANALYSIS

Employer submitted four questions for our consideration in this case.  However, taken as a whole, they present one issue:  whether the commission impermissibly awarded benefits for an unexplained accident.

A.  Standard of Review

Our standard of review in this case is well settled.  The commission's decision that an accident arises out of the employment is a mixed question of law and fact and is therefore reviewable on appeal.  Blaustein v. Mitre, 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001).  By statute, the commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence.  K & K Repairs & Constr. v. Endicott, 47 Va. App. 1, 6, 622 S.E.2d 227, 230 (2005) (citing Code § 65.2-706).  Moreover, the existence of "contrary evidence . . . in the record is of no consequence if credible evidence supports the commission's finding."  Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).

Instead, "we are bound by these findings of fact as long as "'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved.'"  Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 492, 497 (2005) (quoting Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988)) (emphasis in original).  On appeal, we defer to the commission's assessment of the "probative weight" of the proffered evidence, and we recognize that the commission "is free to adopt that view 'which is most consistent with reason and justice.'"  Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Const. Servs. v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978)).

Moreover, "[t]he commission, like any other fact finder, may consider both direct and circumstantial evidence in its disposition of a claim. Thus, the commission may properly consider all factual evidence, from whatever source, whether or not a condition of the workplace caused the injury." VFP, Inc. v. Shepherd, 39 Va. App. 289, 293, 572 S.E.2d 510, 512 (2002).

### B. Compensable Injury

In this case, employer asserts that Griffin failed to prove that his fall "arose out of" his employment. Employer reasons that because Griffin cannot recall the circumstances of the accident, the fall is "unexplained" as a matter of law. See Pinkerton's Inc. v. Helmes, 242 Va. 378, 381, 410 S.E.2d 646, 648 (1991) (There is no presumption of compensability when a workplace accident resulting in an injury is unexplained.). Employer is correct that, under our Workers' Compensation Act, an employee must prove by a preponderance of the evidence that his injury arose "out of and in the course of [his] employment" to qualify for compensation benefits. Code § 65.2-101; see also Marketing Profiles v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993) (*en banc*). However, applying the law to the facts as found by the commission, we hold that the commission did not err in awarding benefits, and affirm.

The mere fact that an employee was injured at work is not enough to show that his injury arose out of his employment. County of Chesterfield v. Johnson, 237 Va. 180, 185, 376 S.E.2d 73, 75 (1989). Instead, the employee must show that his injury resulted from an "actual risk" of the employment. Id. This requirement can only be met "if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." R.T. Investments v. Johns, 228 Va. 249, 252-53, 321 S.E.2d 287, 289 (1984).

This causal connection is established when "the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment."

Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938). This "causative danger" or risk "must be peculiar to the work . . . . It must be incidental to the character of the business and not independent of" the employment relationship. Combs v. Virginia Elec. & Power Co., 259 Va. 503, 509, 525 S.E.2d 278, 282 (2000) (citation omitted). An injury arising from a hazard to which the claimant "would have been equally exposed apart from the employment" and that "cannot fairly be traced to the employment as a contributing proximate cause" does not constitute an injury arising from the employment. Id.

When a claimant has no memory of how the accident occurred and there are no witnesses to the accident, that claimant often cannot fulfill his or her burden to show this vital causal nexus between the employment and the injury. See, e.g., Mem'l Hosp. v. Hairston, 2 Va. App. 677, 679, 347 S.E.2d 527, 527-28 (1986) (reversing a benefits award when the claimant had no memory of how she fell, there were no witnesses to the fall, and the claimant fell on a floor that was free of obstacles or any other condition that would otherwise contribute to her fall). Such "unexplained falls" are not compensable because the claimant cannot prove that the injury arose out of the employment. See Hill v. S. Tank Transp., Inc., 44 Va. App. 725, 733, 607 S.E.2d 730, 734 (2005) ("[F]acts must exist to explain how the accident occurred."). However, the mere nonexistence of direct evidence in the form of the claimant's memory or an eyewitness' account does not, in and of itself, preclude an award of benefits.

On the contrary, the commission may find an explanation for an accident based on circumstantial evidence, when that evidence "allow[s] an inference that the claimant suffered an injury by accident arising out of . . . his employment." Marketing Profiles, 17 Va. App. at 433, 437 S.E.2d at 728. There is sufficient circumstantial evidence to support such an inference when "'the circumstantial evidence . . . takes the question beyond surmise or conjecture . . . .'" VFP, Inc., 39 Va. App. at 293, 572 S.E.2d at 512 (quoting Van Geuder v. Commonwealth, 192 Va.

548, 557, 65 S.E.2d 565, 570-71 (1951)); see also Marriott Int'l v. Carter, 34 Va. App. 209, 215, 539 S.E.2d 738, 741 (2001) ("[T]he commission may rely upon circumstantial evidence in finding that an injury was caused by a particular accident.").

For instance, in Beland, 43 Va. App. at 358-60, 597 S.E.2d at 289-90, we affirmed the commission's award of benefits although the employee could not remember how he was injured, nor could he "specifically describe the last discrete event" that led to his fall. Id. at 359, 597 S.E.2d at 289. We held that "this accident was not unexplained." Id. In Beland, as in this case, the commission made specific factual findings regarding the circumstances surrounding the claimant's fall. Id. at 355-56, 597 S.E.2d at 287-88. There, the claimant's "duties required him to stretch half the length of his body away from [a] ladder to apply . . . tar. He was unable to hold on to the ladder for support because he had a 20 to 30 pound bucket of tar in one hand and a glove to apply the tar on the other." Id. at 359-60, 597 S.E.2d at 289. Immediately prior to his fall from the ladder, the employee was "to one side stretching out . . . half his body" to reach the holes to which he was applying tar. Id. at 360, 597 S.E.2d at 290 (internal quotation marks omitted).

On those facts, we held that, although "claimant did not recall the specific moment of falling, he described his actions and locations immediately before the fall in detail. That evidence, combined with the other circumstances, created the 'critical link' between claimant's employment, his fall and resulting injury." Id. Thus we found that the commission "properly inferred from the evidence, both circumstantial and direct, that the claimant's injury arose out of his employment." Id.

Here, the commission made specific findings based on direct and circumstantial evidence and the logical inferences drawn from that evidence to support its conclusion that the fall arose out of claimant's employment. The commission found that Griffin was in an awkward position

- 6 -

attempting to get out of the front-end loader while also attempting to lean in and check the brakes. It also found that he was descending from the considerable height of six and one-half feet down a worn and rusted step. The commission made the reasonable inference from these facts that Griffin's accident arose out of his employment because he was exposed to a risk in his employment – executing an awkward maneuver in order to get out of the cab and descending from a considerable height on a worn, rusted step – to which he would not equally be exposed in his ordinary, non-work life. See Combs, 259 Va. at 509, 525 S.E.2d at 282; cf. Hairston, 2 Va. App. at 679, 347 S.E.2d at 527-28. Thus, like the accident in Beland, this accident is not unexplained. The explanation can be found in the evidence and the reasonable inferences the commission drew from that evidence.

Employer, however, argues that the commission erred in this case by failing to follow this Court's decision in PYA/Monarch v. Harris, 22 Va. App. 215, 220-21, 468 S.E.2d 688, 690-91 (1996), rather than the Beland decision. However, PYA/Monarch is legally and factually distinguishable from this case; hence, we disagree with employer's analysis.

In PYA/Monarch, we reversed an award of benefits when the commission "made no specific finding regarding the cause of claimant's fall." Id. at 220, 468 S.E.2d at 690. The claimant in that case, who argued that he had been injured when climbing out of the cab of a truck, only remembered opening the truck door and reaching for a grab bar. Id. at 219-20, 468 S.E.2d at 690. He did not testify that he was attempting to climb out of the truck, or that he was in an awkward position. Id. Moreover, he did not testify that he came into contact with the icy conditions that the commission was "persuaded" precipitated "the fall." Id.

Most importantly, this Court emphasized that the commission "made no specific finding regarding the cause of claimant's fall because it found that 'the elevated height of the trailer cab constituted an added risk of the employment that caused or contributed to the claimant's

injuries.'" Id. at 220, 468 S.E.2d at 690. Instead, the commission relied upon the equivocal testimony of a medical expert who opined that the claimant's fall "could have been caused" by a medical condition. Id. at 220, 469 S.E.2d at 690. The commission then improperly applied the increased risk analysis applicable in idiopathic fall cases to an unexplained fall scenario. See id. at 225, 469 S.E.2d at 693. Thus, PYA/Monarch involved a different error of law than that asserted by the employer in this case: the commission's improper conflation of the doctrine of idiopathic falls (falls resulting from a pre-existing medical condition of the claimant compensable only when the conditions of the workplace aggravate the claimant's injury) and the doctrine of unexplained falls.

Because credible evidence and "reasonable inferences . . . drawn from the evidence" exist here that support the commission's findings, we will not disturb the commission's decision "on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

III. CONCLUSION

We hold that there is sufficient evidence from which the commission could find that the claimant's injuries were attributable to a risk of employment and thus compensable   Accordingly, we affirm.

Affirmed.

McClanahan, J., dissenting.

I see no appreciable distinction between this case and <u>PYA/Monarch v. Harris</u>, 22 Va. App. 215, 468 S.E.2d 688 (1996). The majority points to differences in <u>PYA/Monarch</u> and the instant case, but such differences are not material to the *ratio decidendi* of <u>PYA/Monarch</u>. Furthermore, the majority, like the commission, bases its decision on <u>Basement Waterproofing v. Beland</u>, 43 Va. App. 352, 597 S.E.2d 286 (2004); however, the clear distinction between the instant case and <u>Beland</u> is that here, unlike <u>Beland</u>, the claimant was not in a "uniquely dangerous" position at the time of his injury. <u>Id.</u> at 360, 597 S.E.2d at 290; <u>cf.</u> <u>Turf Care, Inc. v. Henson</u>, __Va. App. __, __ S.E.2d __ (March 4, 2008). For these reasons, I would reverse the commission's decision in this case. I therefore respectfully dissent.