COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Elder and Senior Judge Bumgardner
Argued at Alexandria, Virginia


JUSTIN MAAS

                                                      MEMORANDUM OPINION* BY
v.        Record No. 2028-10-4                  CHIEF JUDGE WALTER S. FELTON, JR.
                                                            APRIL 5, 2011
LOUDOUN COUNTY AND WELLS FARGO
  DISABILITY MANAGEMENT


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          M. Thomas McWeeny (Julie H. Heiden; Koonz, McKenney,
          Johnson, DePaolis & Lightfoot, L.L.P., on brief), for appellant.

          Susan A. Evans (Siciliano, Ellis, Dyer & Boccarosse PLC, on brief),
          for appellees.


       Justin Maas ("claimant") appeals a decision of the Virginia Workers' Compensation

Commission ("commission") finding that he was not entitled to temporary disability benefits

because the left knee injury he sustained when he stepped out of his patrol car did not arise out of

the course of his employment as required by Code § 65.2-101.  For the following reasons, we

affirm the decision of the commission.

                                        BACKGROUND

       "We construe the evidence on appeal in the light most favorable to the [employer[1]] as the

party prevailing below." City of Waynesboro v. Griffin, 51 Va. App. 308, 311, 657 S.E.2d 782,

783 (2008).  Claimant injured his left knee while stepping out of his assigned patrol car on

_____
          * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

          [1] We use the term "employer" to include both the employer, Loudoun County, and its
insurer, Wells Fargo Disability Management.

February 11, 2009. He filed a claim for benefits on May 14, 2009, requesting medical benefits for February 13, 2009 to February 17, 2009 and physical therapy. The employee's report of injury described the accident in the following manner: "left knee sharp shooting pain when bending and putting weight on it" and "while getting out of the car putting weight on it to stand up and turning to walk."

The medical records reflect that claimant went to the emergency room of Inova Loudoun Hospital on February 13, 2009, two days after the incident. There he reported an injury to his left knee at work while getting out of his car. Dr. Jeffrey Berg, orthopedist, wrote on February 17, 2009, that claimant "was simply driving around when he got out of his cruiser and he had pain anteriorly." Dr. Berg diagnosed claimant with "[l]eft knee strain, possible resolved patellar tendinosis, possible but unlikely medial meniscal tear."

A hearing on claimant's request for benefits was heard by a deputy commissioner on September 30, 2009. Claimant testified that his responsibilities as a patrol deputy on February 11, 2009 included responding to calls for service, traffic stops, and foot patrols. On that day, claimant was in his patrol car, a 2008 Ford Crown Victoria. At the deputy commissioner's hearing, claimant described the interior of the vehicle as "cramped" with a "computer up tight near me." He stated that he was wearing his uniform and gear, which added an extra twenty-five to thirty pounds to his uniform. He told the deputy commissioner that he parked his patrol car across an incline in the back parking lot of a cinema. The incline was approximately thirty degrees. As he stepped out of his patrol car onto his left foot, he twisted his left knee as he turned to get out of the vehicle and felt a shooting pain in that knee.

Claimant told the deputy commissioner that normally when he got out of the patrol car, the car was not parked across an incline, but was either on a regular street or facing up or down a hill. He stated that the patrol car itself is much lower than his personal vehicle. He testified that

getting out of his patrol car "requires a lot of body maneuvering 'cause of the cage . . . , tryin' to step out and stepping up on that hill which . . . added to it . . . , but just again trying to step and turn and pivot and bring my . . . try to bring my whole body out along with . . . the extra weight added on." He stated that he twisted his left knee after "pivoting to turn myself to bring the rest of my body out to . . . and usin' my left knee as a support leg to . . . take my weight as I was standing up."

When claimant reported the accident to his supervisor two days after it occurred, he did not mention that his patrol car was parked on an incline when he twisted his knee. He wrote "no incident" on his report of the injury meaning he was not chasing a suspect at the time. On cross-examination, claimant stated that he previously injured his left knee on duty in 2006.

Thomas Chunta, employer's risk manager for workers' compensation, testified that when he interviewed claimant about his injury, claimant did not identify any defects in the pavement and he did not mention that his patrol car was parked on an incline. On cross-examination, Mr. Chunta stated that he asked claimant if there were any defects in the pavement, such as a pothole, but did not specifically ask whether the ground was level.

On February 22, 2010, the deputy commissioner denied claimant's request for medical benefits. He found that "claimant failed to prove an injury by accident arising out of his employment" noting that "[s]imple acts of stepping, walking and turning are not risks of the employment." The deputy commissioner also noted that the medical records did not contain any information relating to a "work place condition or significant work-related exertion as causing the injury."

On February 24, 2010, claimant requested the full commission review the deputy commissioner's decision.

On August 31, 2010, the commission affirmed the decision of the deputy commissioner denying claimant compensation benefits. Commissioner Diamond dissented, concluding that "claimant has sufficiently linked the unique conditions of his job as a deputy sheriff to the injury."

ANALYSIS

"The commission's decision that an accident arises out of the employment is a mixed question of law and fact and is therefore reviewable on appeal. By statute, the commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence." Griffin, 51 Va. App. at 312, 657 S.E.2d at 784 (citation omitted).

"The mere fact that an employee was injured at work is not enough to show that his injury arose out of his employment. Instead, the employee must show that his injury resulted from an 'actual risk' of the employment." Id. at 313, 657 S.E.2d at 784 (citation omitted) (quoting County of Chesterfield v. Johnson, 237 Va. 180, 185, 376 S.E.2d 73, 75 (1989)). "This requirement can only be met 'if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed.'" Id. at 313-14, 657 S.E.2d at 784 (quoting R.T. Investments v. Johns, 228 Va. 249, 252-53, 321 S.E.2d 287, 289 (1984)). "Simple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment." Southside Virginia Training Ctr. v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000).

Here, claimant argues that his injury arose out of his employment. He asserts that the conditions of the patrol car parked on a thirty-degree incline, the cramped interior of the patrol car, and the full uniform and gear, which weigh twenty-five to thirty pounds, caused him to injure his left knee when he exited the patrol car. However, none of the medical reports admitted into evidence mention any of these conditions. See Wallace v. Town of Lebanon Police Dep't, No.

160-16-00, 93 WC UNP 1601600 (July 27, 1993) ("Finally, the medical reports do not support his contention. None of the reports mention any awkward twisting or unusual straining."). The evidence presented to the commission did not prove by a preponderance of the evidence that claimant's injury was caused by a condition of his workplace or was the result of a "significant work related exertion." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).

Accordingly, for the reasons stated above, we affirm the decision of the commission.

Affirmed.