COURT OF APPEALS OF VIRGINIA

Present:    Judges Kelsey, Beales and Senior Judge Clements

RDW HOME IMPROVEMENT, INC. AND
  ACCIDENT FUND INSURANCE COMPANY
                                                    MEMORANDUM OPINION*
v.        Record No. 1369-14-2                      PER CURIAM
                                                    DECEMBER 23, 2014
JUSTIN WILSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Amanda S. Tapscott; McCandlish Holton, PC, on briefs), for
            appellants.  Appellants submitting on briefs.

            (W. Aaron Cluett, on brief), for appellee.  Appellee submitting on
            brief.


        RDW Home Improvement, Inc. and Accident Fund Insurance Company appeal an order of

the Workers' Compensation Commission awarding benefits to Justin Wilson (the claimant).

Appellants argue that the commission erred in finding that the claimant sustained a compensable

injury by accident arising out of and in the course of his employment.  We find no error and affirm

the decision of the commission.

                                        BACKGROUND

        On appeal, this Court views the evidence in the light most favorable to the prevailing party

below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

The claimant worked as a carpenter for RDW Home Improvement, Inc.  On the morning of his

injury, he was on a ladder installing soffit at a worksite.  He fell off the ladder and injured his left

ankle and right heel.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The claimant sought medical benefits. Appellants argued that the claimant failed to prove a compensable injury by accident arising out of employment. The deputy commissioner disagreed and held that appellants were responsible for the claimant's medical treatment. The commission affirmed the deputy commissioner's opinion. This appeal followed.

ANALYSIS

Appellants argue that "there was no credible evidence to support the [c]ommission's finding that the accident arose out of a risk of the claimant's employment."

The commission's decision that an accident arises out of employment presents a mixed question of law and fact. See Liberty Mut. Ins. Corp. v. Herndon, 59 Va. App. 544, 555, 721 S.E.2d 32, 37 (2012). While we review the ultimate legal issue *de novo*, "the commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence." City of Waynesboro v. Griffin, 51 Va. App. 308, 312, 657 S.E.2d 782, 784 (2008).

"'To qualify for workers' compensation benefits, an employee's injuries must result from an event "arising out of" and "in the course of" the employment.'" PYA/Monarch & Reliance Ins. Co. v. Harris, 22 Va. App. 215, 221, 468 S.E.2d 688, 691 (1996) (quoting Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991)). "'[A] "critical link" must exist between the conditions of the workplace and the injury in order for the injury to qualify as "arising out of" the employment.'" Id. (quoting Pinkerton's, 242 Va. at 380, 410 S.E.2d at 647).

The fact that the injury occurred at work does not prove that the injury arose out of employment. See County of Chesterfield v. Johnson, 237 Va. 180, 185, 376 S.E.2d 73, 76 (1989). "[A]n unexplained fall is not compensable 'in the absence of a showing that the [injury] "arose out of" the employment.'" PYA/Monarch, 22 Va. App. at 225, 468 S.E.2d at 693 (quoting Pinkerton's, 242 Va. at 381, 410 S.E.2d at 648).

Here, the claimant testified that he had been installing soffit, and was standing on a ladder when he fell to the ground. When asked what happened, he said, "I'm not sure. I'm not sure if the ladder moved or what but I lost my footing and fell off." Appellants' counsel asked the claimant, "So you don't actually know what specifically caused you to fall that day?" The claimant responded, "Not at all." He stated that there was nothing wrong with the ladder.

The commission concluded,

> In this case, the claimant was standing on a ladder performing his job duties. While he was unsure whether the ladder moved, he did testify that he fell because he lost his footing. This sufficiently explained his accident to meet his burden of proving that it arose out of his employment.

"The commission is authorized to draw reasonable inferences from the evidence, . . . and on appeal, we will not disturb reasonable inferences drawn by the commission from the facts proven by the evidence presented." Turf Care, Inc. v. Henson, 51 Va. App. 318, 324, 657 S.E.2d 787, 789-90 (2008) (citing Basement Waterproofing & Drainage v. Beland, 43 Va. App. 352, 359-61, 597 S.E.2d 286, 289-90 (2004)).

Appellants argue that the commission's findings were based upon speculation and that the claimant suffered an unexplained fall. They cite the claimant's testimony that he does not know what caused his fall; however, appellant also testified that he lost his footing.

"[T]he mere nonexistence of direct evidence in the form of the claimant's memory or an eyewitness' account does not, in and of itself, preclude an award of benefits." Griffin, 51 Va. App. at 314, 657 S.E.2d at 785. "[T]he commission may find an explanation for an accident based on circumstantial evidence, when that evidence 'allow[s] an inference that the claimant suffered an injury by accident arising out of . . . his employment.'" Id. at 314-15, 657 S.E.2d at 785 (quoting Marketing Profiles v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 728 (1993) (en banc)).

Contrary to appellants' arguments, the commission made a reasonable inference based on the claimant's testimony. Considering that the commission's inferences and factual findings will not be reversed when there is supporting evidence, this Court concludes that the commission did not err in finding that the claimant sustained a compensable injury by accident arising out of and in the course of employment. See id. at 317, 657 S.E.2d at 786 (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986) ("Because credible evidence and 'reasonable inferences . . . drawn from the evidence' exist here that support the commission's findings, we will not disturb the commission's decision 'on review . . . .'")).

CONCLUSION

For the foregoing reasons, we affirm the commission's decision.

Affirmed.