COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges Fulton and Ortiz
Argued at Richmond, Virginia


MANUEL MEZA GUTIERREZ

                                                     MEMORANDUM OPINION* BY
v.        Record No. 0176-23-2                        JUDGE DANIEL E. ORTIZ
                                                          MAY 21, 2024

PERDUE FARMS, INC., ET AL.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          E. Wayne Powell (Powell Law Group, P.C., on brief), for appellant.

          Randall T. Perdue (TimberlakeSmith, on brief), for appellees.


     Manuel Meza Gutierrez appeals the decision of the Workers' Compensation Commission

denying him benefits for injuries from an accident on January 20, 2021.  Meza Gutierrez asserts

that he sustained wrist and head injuries arising out of his employment when he slipped and fell

at work.  He challenges the Commission's ruling that he failed to prove that his fall arose out of

his employment.  Finding that credible evidence supports the Commission's conclusion that

Meza Gutierrez failed to prove the cause of his fall beyond the level of mere speculation, we

affirm.

                                        BACKGROUND

     "On appeal from a decision of the Workers' Compensation Commission, the evidence and

all reasonable inferences that may be drawn from that evidence are viewed in the light most

favorable to the party prevailing below."  *Anderson v. Anderson*, 65 Va. App. 354, 361 (2015)

(quoting *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 83 (2005) (en banc)).  Meza Gutierrez

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

worked for Perdue Farms' poultry processing plant as a laborer in the "tank room."  Meza Gutierrez's job entailed rolling carts of "offal" (inedible chicken parts) outside to the "scoop" of heavy mobile equipment called a "sky track."  At about 11:30 p.m. on January 20, 2021, Meza Gutierrez rolled a cart from inside a building to a waiting scoop.  His movements were captured on an exterior surveillance camera.  The surveillance footage showed Meza Gutierrez and the driver of the sky track, Antonio Del Cid, empty two carts into the scoop as it was suspended above the ground.  After he emptied the carts, Meza Gutierrez walked toward a nearby shed and fell on the pavement, sustaining injuries to his head and left wrist.  Meza Gutierrez lay motionless on the ground for about two minutes after Del Cid backed up and pulled away in the sky track.  Eventually, Meza Gutierrez slowly sat up and crawled on his hands and knees to a nearby building.

When Del Cid returned, Meza Gutierrez was standing next to the building.  Del Cid approached Meza Gutierrez and asked what had happened.  Meza Gutierrez told Del Cid that "he 'got dizzy.'"  Del Cid separately quoted Meza Gutierrez as saying that "he was dizzy" and "he fell down."  After assisting Meza Gutierrez into the maintenance building, Del Cid returned outside to where he and Meza Gutierrez had emptied the carts into the scoop.  Del Cid "didn't see anything" on the pavement where Meza Gutierrez had fallen.  He denied that there was anything wet or "inappropriate" on the pavement.  Plant employee Shawn Moubry stated that he looked at the accident site "shortly after it happened" and "saw no obvious signs of anything . . . slippery."

Delores Martin, an assistant plant manager and one of the plant's "first responders" for health and safety matters, assessed Meza Gutierrez inside the maintenance shop shortly after the accident.  Martin and shift manager Andrew Owa asked Meza Gutierrez several times what had happened, but Meza Gutierrez replied that he did not remember.  Martin testified that she knew

Meza Gutierrez had missed work due to "issues with his leg" and that he had exhibited difficulty walking in the past.

Meza Gutierrez's fall caused a subarachnoid hemorrhage resulting in headaches, dizziness, cognitive deficit, and post-concussive syndrome. Although he admitted that his memory had been impaired since the accident, Meza Gutierrez testified on direct examination that he recalled telling Del Cid that he fell after he "slipped on the ground because the remaining's [sic] of meat that was on the ground." He also testified that there were "always" meat remnants on the pavement where he fell and that he was walking to retrieve a shovel to clean up the offal on the ground when he fell. On cross-examination, Meza Gutierrez admitted that he had no independent recollection of the events immediately after his fall until he was in a wheelchair inside the maintenance building. He also agreed that he was diabetic and did not check his blood sugar levels while he was at the plant. On the day of his accident, the last time Meza Gutierrez had checked his glucose was before he began his shift at 3:00 p.m. Meza Gutierrez admitted that he had stayed out of work previously when his blood sugar was high. His medical records note that he had a history of "uncontrolled diabetes" and high blood pressure.

The sole issue before the deputy commissioner was whether Meza Gutierrez's accident arose out of his employment. The deputy commissioner found that Meza Gutierrez failed to prove that "his fall arose out of a risk peculiar to his employment." He noted that, when Del Cid found Meza Gutierrez, Meza Gutierrez "was dizzy and uncertain why he fell." Further, other individuals who spoke with Meza Gutierrez at the scene confirmed that he could not recall what happened. The deputy commissioner ruled that, even though the site of Meza Gutierrez's fall "may have, at times, contained slippery substances or even offal," the evidence failed to prove that they were present at the time of his fall or that they caused his fall.

The Commission affirmed the deputy commissioner's decision. It held that, regardless of whether Meza Gutierrez slipped, the evidence failed to prove that "some material [on] the ground was the causative factor." The Commission declined to speculate regarding the cause of his accident. It therefore concluded that Meza Gutierrez had failed to carry his burden of proof that his accident arose out of his employment. Meza Gutierrez appeals.

ANALYSIS

The "factual findings of the [C]ommission will not be disturbed if based on credible evidence." *Hess v. Va. State Police*, 68 Va. App. 190, 194 (2017) (quoting *Anthony v. Fairfax Cnty. Dep't of Family Servs.*, 36 Va. App. 98, 103 (2001)). "The scope of a judicial review of the fact finding function of a workers' compensation commission . . . is 'severely limited, partly in deference to the agency's expertise in a specialized field.'" *Roske v. Culbertson Co.*, 62 Va. App. 512, 517 (2013) (quoting *Southside Va. Training Ctr. v. Ellis*, 33 Va. App. 824, 828 (2000)). "This appellate deference is not a mere legal custom, subject to a flexible application, but a statutory command making clear that the commission's decision 'shall be conclusive and binding as to all questions of fact.'" *Cent. Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield*, 42 Va. App. 264, 279 (2004) (quoting Code § 38.2-5011(A)). "[W]e are bound by the [C]ommission's findings of fact as long as 'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding." *Artis*, 45 Va. App. at 83-84 (quoting *Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 222 (1988)).

"A claimant has the burden of proving by a preponderance of the evidence, and not by mere conjecture or speculation, that an injury was the result of an accident which arose out of . . . the employment." *Winegar v. Int'l Tel. & Tel.*, 1 Va. App. 260, 261 (1985). In determining whether an injury arises out of employment, "Virginia employs the actual risk test." *Southside*

*Va. Training Ctr.*, 33 Va. App. at 828 (quoting *Vint v. Alleghany Reg'l Hosp.*, 32 Va. App. 60, 63 (2000)). Under the actual risk test, "[a] claimant's injury arises out of the employment if the manner in which the employer requires the work to be performed is causally related to the resulting injury." *Id.* (quoting *Vint*, 32 Va. App. at 63). The actual risk test "necessarily excludes an injury caused by 'a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood.'" *Bernard v. Carlson Cos.-TGIF*, 60 Va. App. 400, 405-06 (2012) (emphasis omitted) (quoting *Hill City Trucking v. Christian*, 238 Va. 735, 739 (1989)). Put simply, "[a] 'critical link' must exist between the conditions of the workplace and the injury." *Basement Waterproofing & Drainage v. Beland*, 43 Va. App. 352, 359 (2004) (emphasis omitted) (quoting *Pinkerton's, Inc. v. Helmes*, 242 Va. 378, 380 (1991)); *see also Lipsey v. Case*, 248 Va. 59, 61 (1994) ("[A]n accident arises out of the employment when it is apparent to a rational mind, under all attending circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury.").

"[I]n a non-fatal, unexplained accident there is no presumption that the injuries sustained arose out of employment." *Hill v. S. Tank Transp., Inc.*, 44 Va. App. 725, 732 (2005). "When a claimant has no memory of how the accident occurred and there are no witnesses to the accident, that claimant often cannot fulfill his or her burden to show th[e] vital causal nexus between the employment and the injury." *City of Waynesboro v. Griffin*, 51 Va. App. 308, 314 (2008); *see also Mem'l Hosp. v. Hairston*, 2 Va. App. 677, 679 (1986) (finding that the claimant failed to prove that her injury arose out of employment when she could not remember how she fell, no one witnessed the fall, and the claimant fell in a place without any conditions that would cause a fall). "Such 'unexplained falls' are not compensable because the claimant cannot prove that the injury arose out of the employment." *Griffin*, 51 Va. App. at 314. "However, the mere

nonexistence of direct evidence in the form of the claimant's memory or an eyewitness'[s] account does not, in and of itself, preclude an award of benefits." *Id.*

In the case of an unexplained fall, "the [C]ommission may find an explanation for [the] accident based on circumstantial evidence, when that evidence 'allow[s] an inference that the claimant suffered an injury by accident arising out of . . . his employment.'" *Id.* at 314-15 (third and fourth alterations in original) (quoting *Mktg. Profiles, Inc. v. Hill*, 17 Va. App. 431, 433 (1993)). There is sufficient circumstantial evidence to support such an inference when the "circumstantial evidence . . . take[s] the question beyond surmise or conjecture . . . ." *VFP, Inc. v. Shepherd*, 39 Va. App. 289, 293 (2002) (alterations in original) (quoting *Van Geuder v. Med. Coll. of Va.*, 192 Va. 548, 557 (1951)).

In a single argument section covering all of his assignments of error, Meza Gutierrez asserts that he met his burden to prove that his accident arose out of his employment for two reasons. First, he emphasizes that he explicitly testified that the area where he slipped and fell was "wet" and littered with "meat debris." Second, he contends that he recalled that he was walking to retrieve a shovel when he fell, a circumstance suggesting that he needed the shovel because meat debris was on the pavement. Meza Gutierrez concedes that he admitted on cross-examination that he lacked any independent recollection of the events after his fall. But he maintains that, even if he needed the video footage to refresh his recollection about the events *after* the fall, "his memory was clear about what caused his fall."

Meza Gutierrez disputes Del Cid's testimony about Meza Gutierrez's post-accident statements. Meza Gutierrez asserts that he told Del Cid after the accident he "slipped on the ground because of the remaining's [sic] of meat that was on the ground." He maintains that his account is corroborated by the report prepared by emergency responder Sarah Stim, who noted that Meza Gutierrez told her he had "slipped and f[a]ll[en] backwards." Meza Gutierrez also

notes that, shortly after the accident, another EMT worker recalled him stating that he had "fallen at work" and that his son testified that Meza Gutierrez told him he had slipped and fallen at work.

Meza Gutierrez also contends that the testimony of other workers who saw nothing "inappropriate" at the accident site is not credible. He stresses that, aside from Del Cid, the workers did not see the accident site before his fall. He argues that Del Cid agreed that offal could have been on the ground, even though he could not recall seeing it, and that, if it was there, Meza Gutierrez would have needed a shovel to collect it. He notes that Martin agreed that offal sometimes fell out of the scoop and had to be collected. Martin also agreed that the spilled offal rendered the ground "slippery." Finally, Meza Gutierrez emphasizes that the plant nurse's records included an entry describing a "suspect accident causing a fall."

In sum, Meza Gutierrez asserts that his "unrebutted testimony" established that "offal and a wet area" on the pavement caused his fall, and thus he proved that he suffered an injury arising out of his employment.[1] We disagree. Though Meza Gutierrez testified at trial that "there [was] debris of meat on the ground" which caused him to "slip[]," that testimony was far from unrebutted. While the Commission may consider the testimony of a claimant as to causation, the Commission must "weigh[] that factor and resolve[] the issue" based on all of the evidence. *Dollar Gen. Store v. Cridlin*, 22 Va. App. 171, 176 (1996). Meza Gutierrez testified that he told Del Cid that he had slipped on meat remnants, but Del Cid testified that Meza Gutierrez told him only that "he was dizzy and he fell." On cross-examination, Meza Gutierrez agreed that he "remember[ed] . . . being in the wheelchair but other than that, everything that [he] remember[ed] [he] ha[d] learned from watching the video." Other evidence, including Meza

---

[1] To the extent that Meza Gutierrez challenges the deputy commissioner's findings, we do not address those arguments because our appellate jurisdiction extends only to "final decision[s] of the Virginia Workers' Compensation Commission." Code § 17.1-405(2).

Gutierrez's own prior statements, contradicted his trial testimony. Contrary to Meza Gutierrez's assertions, the video footage of the accident does not prove that Meza Gutierrez fell because he slipped, and Meza Gutierrez stated right after the accident that he could not recall what happened. Del Cid testified that he inspected the accident site immediately after the incident and observed nothing "inappropriate" on the ground. Other individuals testified that they, too, saw nothing on the ground after the accident. Though they did not see the ground before Meza Gutierrez's fall, the fact finder was empowered to weigh the value of their testimony along with all of the other evidence. *See Cridlin*, 22 Va. App. at 176. "We will not substitute our judgment for that of the trier of fact, which had an opportunity to observe the witnesses and evaluate their credibility." *Id.*

Further, the Commission received evidence that Meza Gutierrez had a history of uncontrolled diabetes before the accident and had last checked his glucose levels before he began work at 3:00 p.m., more than eight hours before the accident. He also had a history of leg issues and difficulty walking. But we need not decide whether, on this record, "the Commission properly could have concluded that the fall occurred because of [his pre-existing medical conditions] and not from conditions of the employment." *See Winegar*, 1 Va. App. at 262. The Commission declined to so speculate. Rather, it found that based on all the evidence, any conclusion about the specific reason for the fall was merely "speculative." *See Pinkerton's, Inc.*, 242 Va. at 380; *see also Anderson v. E. Coast Fish & Scallop Co.*, 10 Va. App. 215, 217 (1990) ("In order to prevail, the claimant must prove his case. Where the evidence merely shows that the injury could have resulted from one or more causes, for one of which the employer is responsible and for another of which it is not, the employer is not liable for compensation.").

The record supports the Commission's finding that the evidence failed to prove that Meza Gutierrez's injuries arose out of his employment. *See Hill*, 44 Va. App. at 732.[2]

CONCLUSION

Because credible evidence supports the Commission's finding that Meza Gutierrez failed to meet his burden to prove that the fall arose out of his employment, we affirm the decision of the Commission.

*Affirmed.*

---

[2] Meza Gutierrez asserts that a contrary result is compelled by the Commission's opinion in *Meador v. Dudley's Truck Stop Rest., Inc.*, JCN VA02000034752 (Va. Workers Comp. Comm'n Dec. 1, 2021) and by unpublished opinions from this Court in *The Lakehouse Rest./ZAK, Inc. v. Tiller*, No. 1237-03-3 (Va. Ct. App. Dec. 2, 2003) and *Fairfax Hosp. v. Mitchell*, No. 1729-94-4 (Va. Ct. App. Mar. 7, 1995). Decisions by the Commission are not binding on this Court. *Jackson v. Ceres Marine Terminals, Inc.*, 64 Va. App. 459, 466 n.2 (2015). Moreover, "while persuasive, unpublished decisions of our Court have no precedential value." *Id.* In any event, in all three cases, the claimant "consistently" stated that "something on the floor" caused her to slip, though none of the claimants were able to pinpoint the precise substance which caused their fall. *Tiller*, slip op. at 2; *Meador*, slip op. at 5; *Fairfax Hosp.*, slip op. at 1-2. By contrast, Meza Gutierrez did not mention anything on the ground to Del Cid and could not recall the circumstances surrounding his fall after he was escorted inside. Although Meza Gutierrez also asserts that the Commission "erred by failing to follow precedent established" in *Paramont Coal Co. Va., LLC v. McCoy*, 69 Va. App. 343, 357 (2018), he offers no supporting argument and, to the extent he cites that case for the proposition that the Commission may draw "reasonable inferences from the evidence," we find no error in the Commission's refusal to engage in speculation regarding the cause of Meza Gutierrez's accident.